CHARLES C. LEWIS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9918.   Promulgated April 17, 1929.

*Donald Horne, Esq.*, for the petitioner.
*Brice Toole, Esq.*, for the respondent.

OPINION.

Marquette: The petitioner claims that in September, 1915, it acquired in exchange for its capital stock, all of the assets of the Charles C. Lewis Co. of Connecticut, which consisted of tangible property of the value of $129,265.51, and good will of the value of $64,510.60, and that it is entitled to include in invested capital on account of such good will the amount of $18,750. The petitioner arrives at the value of the good will by taking the average net earnings of the Connecticut corporation for the years 1910 to 1914, inclusive, allowing a return of 8 per cent for the average net book value of the tangible assets, and capitalizing the remainder of said earnings at the rate of 15 per cent. Having thus determined the value of the good will the petitioner computes the part thereof, which it claims should be included in its invested capital, as follows:

| | |
|---|---:|
| Tangible assets | $129, 265. 51 |
| Good will | 64, 510. 60 |
| Total assets for which stock issued | 193, 776. 11 |
| Percentage for tangible assets | 66. 71% |
| Percentage for intangible assets | 33. 29% |
| | 100. 00% |
| 66.71% of $75,000 (Capital stock) | $50, 032. 50 |
| 33.29% of $75,000 | 24, 967. 50 |
| Amount allowed for intangibles under section 326 (a) (4) of the Revenue Act of 1918 | 18, 750. 00 |
| Tangible assets paid in for stock | 50, 032. 50 |
| Intangible assets paid in for stock | 18, 750. 00 |
| Paid-in surplus | 79, 233. 01 |

Assuming that the petitioner is correct in its contention that the good will of the Connecticut corporation was of the value claimed, which, however, it is not necessary for us to decide in view of the state of the record, we are unable to find any basis for determining to what extent such good will should be included in invested capital. There is nothing in the record to show the original capital of the petitioner or the par value of the stock which was issued for the assets of the Connecticut corporation. Furthermore, we have no

evidence other than the books of the Connecticut corporation relative to the fair market value of the tangible assets of that company at the date they were acquired by the petitioner. The evidence shows that the respondent has determined that the petitioner's invested capital for 1920 was $340,487.67 and on the record we find no basis for disturbing that determination.

At the hearing the respondent admitted that the allowance for exhaustion, wear and tear of the petitioner's furniture and fixtures should be computed at the rate of 10 per cent, and on the evidence we are of opinion that the allowance for exhaustion, wear and tear of the petitioner's machinery and equipment should be computed at the same rate.

The petitioner has also attempted to show that it is entitled to additional depreciation on an extension to a building erected on leased property, and to deduct as an expense the amount of $2,341.34 expended in 1920 in constructing a loading platform on land which it leased from month to month. These items are not covered by the pleadings, the petitioner having alleged that the respondent erred in computing the allowance for wear and tear of its physical assets in that he " * * * allowed a rate of 5%, representing wear, tear, exhaustion and/or obsolescence of taxpayer's machinery and fixtures; that an adequate allowance representing this deduction should be at the rate of 10%." Furthermore, we are unable to determine from the record what amount the respondent has allowed as a deduction from income on account of the building extension and the loading platform in question. The additional deductions claimed are denied.

The petitioner also alleges that it is entitled to have its profits tax computed under section 328 of the Revenue Act of 1918. This claim is denied by the respondent and the petitioner has introduced no evidence to support it. As to this issue we must affirm the respondent.

*Judgment will be entered under Rule 50.*